UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-cv-61016-ROSENBAUM/SELTZER

| | |
|---|---|
| DAVID WRIGHT, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE BERKLEY GROUP, INC., a Florida corporation, and VACATION OWNERSHIP MARKETING TOURS, INC., a Florida corporation, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT VACATION OWNERSHIP MARKETING
TOURS, INC.'S MOTION TO DISMISS FIRST AMENDED
CLASS ACTION COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendant Vacation Ownership Marketing Tours, Inc. ("VOMT"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Plaintiff's First Amended Class Action Complaint. Because the First Amended Complaint alleges a breach of contract arising out of illegal conduct, impermissibly lumps all Defendants together, fails to contain any specific *factual* allegations as to VOMT's involvement with the purported acts, and fails to demonstrate a plausible claim for class action relief for either cause of action, the Amended Complaint must be dismissed.

**INTRODUCTION AND BACKGROUND**

On October 30, 2012, Plaintiff served VOMT with the First Amended Class Action Complaint ("Amended Complaint") attempting to assert causes of action for breach of contract and for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

1

Case: 1:13-cv-00903 Document #: 44 Filed: 12/04/12 Page 2 of 22 PageID #:213

(the "TCPA").[1]  Plaintiff's Amended Complaint must be dismissed, however, since it confusingly and impermissibly alleges that VOMT committed illegal acts in violation of the TCPA by making uninvited phone calls to class members, while simultaneously asserting that these class members managed to enter into valid and enforceable contracts resulting from the very act Plaintiff purports to be illegal.  Plaintiff's Amended Complaint literally states these two contradicting claims in the same sentence: "By calling consumers without permission Defendants violated the [TCPA], which prohibits unauthorized calls to cell phones, and by refusing to follow through on their agreement to provide consumers with promised consideration, breached their contract to provide consideration such as a free cruise."[2] Moreover, and even assuming Plaintiff can somehow demonstrate an ability to maintain these two theories which wholly contradict one another, this Court cannot otherwise certify the breach of contract class for two reasons: (1) Plaintiff alleges the members entered into the contracts for consideration "such as" as free cruise, which demonstrates not all class members were offered the same consideration and that therefore the contracts may have varied widely; and (2) Plaintiff alleges contracts were entered into nationwide, but because Plaintiff fails to state where the contracts were breached, and because too many state laws likely apply based on the Amended Complaint's allegations, a class action cannot stand.

The Amended Complaint's TCPA count should similarly be dismissed because Plaintiff's Amended Complaint fails to sufficiently allege any direct allegations against VOMT that VOMT "made" or "initiated" the alleged calls, and it fails to otherwise set forth factual allegations of an

---

1.    The original Complaint was filed in May, 2012 solely against Defendant THE BERKLEY GROUP, INC. ("BERKLEY").  DE 1.  VOMT was added due to a contract BERKLEY produced that evidenced VOMT's "lead generation" services for BERKLEY.  Based upon that contract alone, Plaintiff amended the Complaint to add VOMT.
2.    DE 32 ¶2.

agency relationship or theory of alter-ego.  In nearly every allegation of the Amended Complaint, Plaintiff states that "Defendants" committed the alleged violations, or that "Defendants" caused harm; the allegations of the Amended Complaint never in fact state which Defendant did what act, and causes of action based on conclusory allegations must be dismissed.  Just as the Amended Complaint improperly combines allegations against both Defendants, it also improperly combines the all of the elements necessary to maintain a class action for both the conflicting breach of contract class and the TCPA class.  In other words, Plaintiff fails entirely to demonstrate the required elements for each purported "class".  The Amended Complaint is thus deficient in pleading class action relief.  Moreover, these classes do not share common questions of law and fact and are actually contradicting claims that preclude Plaintiff from acting as the class representative for each "class" and prevent these "classes" from being brought simultaneously, if at all.

**ARGUMENT**

A motion under Rule 12(b)(6) challenges the legal sufficiency of a complaint.[3] When examining the merits of a Rule 12(b)(6) motion, the complaint's factual allegations are accepted as true and construed most favorably to the plaintiff.[4]  Although "well-pleaded" factual

---

3.    *Keller v. Florida Dept. of Health*, 682 F. Supp. 2d 1302, 1309 (M.D. Fla. 2010); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *Parsons v. Okaloosa County Sch. Dist.*, 3:09CV254/WS/EMT, 2010 WL 1753152 (N.D. Fla. Mar. 30, 2010).

4.    *CC-Aventura, Inc. v. Weitz Co., LLC*, 06-21598-CIV, 2009 WL 2136527 (S.D. Fla. July 13, 2009); *Nelson v. U.S. Sec'y of Hous. & Urban Dev.*, 3:10-CV-1118-J-37MCR, 2011 WL 5357844 (M.D. Fla. Nov. 4, 2011); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

allegations are required to be accepted as true, the court does not have any obligation to accept as true legal conclusions or unwarranted factual inferences.[5]

Federal Rule of Civil Procedure 8(a) sets for the basic federal pleading standard, requiring a "short and plain statement of the claim" that sufficiently notifies *each* defendant of both the claim and its supporting grounds.[6]   However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."[7]   Consequently, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8]

"Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true."[9]  In short, an actionable complaint must include "enough facts to state a claim to relief that is plausible on its face."[10] However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth.' On the contrary, legal conclusions 'must be supported by factual allegations.'"[11] The Amended Complaint is replete with such conclusory allegations, and must be dismissed.

---

5.      *See, e.g.*, *Blair v. Coats*, 8:10-CV-1992-T-17, 2010 WL 5477678 (M.D. Fla. Dec. 30, 2010); *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

6.      Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

7.      *Twombly,* 550 U.S. at 597, n. 3.

8.      *Id.* at 545 (citation omitted); *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1368 (S.D. Fla. 2011).

9.      *Twombly,* 550 U.S. at 545 (citations omitted).

10.      *Id*. at 547.

11 .    *Vandenbrink v. State Farm Mut. Auto. Ins. Co.*, 8:12-CV-897-T-30TBM, 2012 WL 3156596 (M.D. Fla. Aug. 3, 2012), quoting *Ashcroft*, 556 U.S. at 679; *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.").

## I.  THE FIRST AMENDED COMPLAINT IMPROPERLY "LUMPS" ALL DEFENDANTS TOGETHER.

When a complaint involves multiple parties and multiple claims, each claim should clearly explain which defendant or defendants are alleged to have committed which wrong(s).[12] If it is impossible to determine which party's conduct caused the purported violation, improper "lumping" of Defendants has occurred, and a complaint must be dismissed for failing to allege facts sufficient to each Defendant.[13] Courts have consistently found that "lumping" defendants together fails to satisfy Rule 8(a) because, in large part, a complaint employing such a technique fails entirely to assert individualized allegations as to each separate defendant.[14] According to this Court in *The Citco Group*, "[t]his lumping technique 'creates confusion and make [sic] the analysis [of the complaint] unnecessarily burdensome,' resulting in . . . making accusations that are 'just not accurate.'"[15]

In *Bentley*, the Complaint was dismissed for the same reasons as those stated herein: the Court found that a TCPA count failed to state a cause of action because, *inter alia*, "nowhere in the Complaint does plaintiff identify which defendant made each call, but instead he simply lumps the defendants together despite that they are separate and distinct legal entities."[16] *Bentley* continues on to explain "lumping" in detail:

> Plaintiff alleges that he "communicated to Defendants he was represented by counsel and requested that all information be forwarded to counsel from then on," but that "Defendants ... still incessantly call Plaintiff, multiple times a day." ***Yet there are no factual allegations showing which Defendant made the purportedly harassing calls or contacted Plaintiff. Instead, Plaintiff improperly lumps***

---

12.    *See Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1373-75 (S.D. Fla. 2011).
13.    *Id.* at 1375.
14.    *See, e.g.*, *Court Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd.*, No. 05-60080, 2011 WL 1233126, at *2 (S.D. Fla. Mar. 30, 2011).
15.    *Id.* (*quoting Court Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd.*, No. 05-60080, 2008 WL 926512, at *4 (S.D. Fla. Mar. 31, 2008).
16.    *Id.* at 1374.

> ***Defendants together such that Defendants do not have notice of the purported
> conduct they are alleged to have committed. It is inconceivable to the Court that
> both Defendants could have somehow made each alleged call, yet that is exactly
> what Plaintiff appears to be alleging.***[17]

Likewise, the Amended Complaint here alleges that Defendants are legally distinct entities, but still improperly lumps Defendants together in nearly every allegation. Although the Amended Complaint alleges that "Defendant Berkley Group is in the business of selling, developing, managing, and promoting vacation timeshares," and that Defendant VOMT "acts on behalf, and for the benefit of, Berkley Group by providing Berkley Group with lead generation and other marketing services," the Amended Complaint subsequently treats the parties as one entity, "lumping" Defendants, and the allegations against them, together in both counts. It is impossible to tell on the face of the Amended Complaint whether Plaintiff intends to suggest that Defendants were working together to violate the TCPA or whether one Defendant was directing the other Defendant to perform the alleged violation. The TCPA only imposes liability on the "maker" or "initiator" of the call and this Amended Complaint fails to set forth any facts that specifically allege how or whether VOMT "made" or "initiated" the alleged calls. As such, dismissal of the Amended Complaint is warranted.

## II. THE FIRST AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT.

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. To prove the existence of a contract, a plaintiff must ***plead***: (1) offer; (2) acceptance; (3) consideration; and (4) ***sufficient specification of the essential terms***."[18]

---

17. *Id.* at 1373 (relating to violations of Fla. Stat. §559.72(18)) (emphasis added).
18. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009), *citing Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008); *St. Joe Corp. v. McIver*,

Although the Amended Complaint alleges a count for "Breach of Contract" and states that "Plaintiff and Breach of Contract Class Members entered into the contract . . .,"[19] the Amended Complaint does not contain any allegations to set forth the "essential terms" of the purported contract, or, since this matter is brought as a purported class action, that the same contract was entered into with each putative class member.

Specifically, in its breach of contract count, Plaintiff alleges that he and other class members "entered into an enforceable contract with Defendants wherein Defendants promised to provide *valuable consideration* (in Plaintiff's case a free cruise) in exchange for answering a series of survey questions." At no point in the Amended Complaint does Plaintiff explain how the phone calls were made, who made the calls, which party Plaintiff believes he made a contract with (VOMT, Berkley, POA, or some other third party), what terms were provided to Plaintiff which form the basis of the supposed contract, what the consideration was, the details of the "free cruise" (which would only be applicable to Plaintiff), what actions or conduct Plaintiff took to obtain or accept the "valuable consideration" (or even that he did attempt to obtain it), and what happened at the time of, or after, acceptance that resulted in a "breach". Nor do the allegations of the Amended Complaint set forth the actual consideration, as "consideration 'such as' a free cruise" does not sufficiently explain what *each* call recipient was actually offered or how the breach occurred. Moreover, the allegations of the Amended Complaint imply that every contract entered into between the purported class members and Defendants had different consideration and were likely unique contracts, as only some contracts, according to Plaintiff, provided a "free cruise" as consideration. Plaintiff concedes that the offered consideration was

---

875 So. 2d 375, 381 (Fla. 2004) (*citing W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.*, 728 So. 2d 297, 302 (Fla. 1st DCA 1999)).

19. DE 32 ¶ 39.

not limited to a free cruise, yet Plaintiff has failed to explain any other available or offered forms of consideration. This Court cannot decide a breach of contract claim when the Amended Complaint fails to provide the essential terms of the purported contract and expressly implies that the consideration varied by every call.

Moreover, it is impossible to determine, based on the allegations of the Amended Complaint, the identity of the actual person or party believed to have entered into the contracts with the putative class members. In Plaintiff's allegations relating to "Political Opinions of America" ("POA"), Plaintiff identified POA as "Defendants' shell political polling *company*"[20] but simultaneously noted that "Defendants, *or* one of Defendants' agents, affiliates, *and/or* employees working on Defendants' behalf, identified themselves as 'Political Opinions of America'"[21] while making the alleged calls to class members. Both Defendants could not have possibly made the same call at the same time, and because the Amended Complaint does not provide allegations of direction or control or explain what each Defendant (or its agents, employees, affiliates, or some other unknown third party) specifically did, the essential contract terms are not alleged as to each Defendant.[22]

To the same extent, the Amended Complaint does not allege how the breach actually occurred or how call-recipients were informed they would be receiving the offered "consideration." For example, is Plaintiff complaining that he tried to redeem a "free cruise" but

---

20. DE 32 ¶ 18.
21. DE 32 ¶ 15.
22. In paragraph 10 of the Amended Complaint, Plaintiff alleges that Berkley sells and promotes cruise trips. In paragraph 11, Plaintiff alleges that VOMT simply provides "lead generation" to Berkley. From these allegations, Plaintiff leaps to the conclusion that both parties, collectively, made the purported calls and that both parties entered into, and breached, a contract with Plaintiff for a "free cruise". While the pleading standard may be "liberal", it is not liberal enough to allow Plaintiff to proceed with this pleading against both Defendants as currently plead.

was not permitted to do so?  Is he claiming that the "free cruise" was not actually free?  Did he even try to accept the "free cruise"?  And what about other putative class members and the supposed "valuable consideration" they were offered?  The Amended Complaint is silent on these and a myriad of facts required to support this cause of action; without specific information relating to the terms of the contract and the breach, it is impossible for the Court to determine whether an actual contract was even formed.  Similarly, without knowing which actual persons or entities placed the calls and actually offered the "consideration" to complete the survey, or how the breaches even occurred, if at all, this Court cannot know the essential terms of the purported contract(s) and therefore cannot determine whether such alleged contracts were breached.

Plaintiff is required to show the existence of an actual contract, which would include allegations of an offer being made by a specific entity, the specific terms proposed, acceptance of those terms, consideration by both parties, a breach of a specific term, and damages.  Plaintiff's Amended Complaint however, fails to plead any facts to support the existence and/or breach of a contract and thus, must be dismissed.

## III. THE BREACH OF CONTRACT COUNT MUST FAIL BECAUSE PLAINTIFF ALLEGES THAT ILLEGAL ACTS PROVIDED THE BASIS FOR THE CONTRACT

Plaintiff cannot maintain a cause of action against VOMT for breach of contract, as Plaintiff alleges that the actions giving rise to the contract (e.g. Defendants' alleged calls to Plaintiff) were illegal.[23]  Plaintiff inconsistently maintains that Defendants (collectively) placed an illegal and uninvited call, but that somehow thereafter, once Plaintiff accepted the call,

_____

[23] .    Plaintiff incorporates by reference all allegations of the Amended Complaint in the breach of contract count.  DE 32 ¶ 37.  By making this argument, VOMT is relying solely upon the allegations of the Amended Complaint and is not, in any way, admitting that it made the calls at issue or that any such calls were illegal.

Plaintiff was fully capable of entering into a contract with the caller (whoever that may have been).[24]  If an illegal act is the basis for a contract, the contract cannot be enforced.[25]  "[T]here can be no legal remedy for that which is itself illegal. Indeed, there rests upon the courts the affirmative duty of refusing to sustain that which by the valid laws of the state, statutory or organic, has been declared repugnant to public policy. To do otherwise would be for the law to aid in its own undoing."[26]  In Florida, "an agreement which violates a statute, or which cannot be performed without violating a statute, is illegal and void, and will not be enforced."[27]

In *Local No. 234*, a plumbing contractor attempted to sue his plumber's union for breaching a contract that limited the ability of the union to employ non-union workers.[28]  The Florida Supreme Court held that illegal contracts cannot be enforced, and granted the union's motion to dismiss, explaining in part that such relief should be granted "when the complaint filed by the moving party discloses affirmatively the illegal nature of the contract on which the complaint is founded and prays . . . for a declaration of rights thereunder, [and] for such supplemental relief as may be just and proper in order to protect the right asserted."[29]  Because Plaintiff incorporates by reference in its breach of contract count all allegations of the Amended

---

24.  DE 32 ¶ 2.

25.  *See, e.g.*, *Ekonomou v. Glenn Wright Const. & Dev., Inc.*, 30 So. 3d 660, 660 (Fla. 4th DCA 2010), quoting *Frye v. Taylor*, 263 So. 2d 835, 840 (Fla. 4th DCA 1972) ("The courts of this state should be loathe [sic] to lend their support to or give approval to any obligation which has an unlawful transaction as its genesis."); *Neiman v. Provident Life & Accident Ins. Co.*, 217 F. Supp. 2d 1281, 1286 (S.D. Fla. 2002) ("Under Florida law, a contract that violates public policy is void and unenforceable. The rationale of the rule is that the judiciary as an institution will not provide aid to enforce an obligation that arises from an illegal contract."); *Armstrong v. Toler*, 24 U.S. 258, 268 (1826) ("[W]here the contract grows immediately out of an illegal act, a court of justice will not enforce it.").

26.  *Gonzalez v. Trujillo*, 179 So. 2d 896, 897-98 (Fla. 3d DCA 1965); *see Local No. 234 of United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada v. Henley & Beckwith, Inc.*, 66 So. 2d 818, 822 (Fla. 1953).

27.  *In re Voltarel*, 236 B.R. 464, 466 (Bankr. M.D. Fla. 1999).

28.  *Local No. 234*, 66 So. 2d  at 820.

29.  *Id.* at 823.

Complaint, Plaintiff asserts that the allegedly illegal phone calls supposedly made by "Defendants" prompted Plaintiff to accept the "offer" extended via the claimed illegal phone calls.[30] Since the entire basis for the purported contract was an illegal act, the breach of contract count must be dismissed.

## IV.    THE TCPA COUNT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Legal conclusions will not suffice to state a plausible claim for relief, yet here, that is all Plaintiff provides.[31] Such legal conclusions are particularly insufficient in actions such as these where Plaintiff accuses both Defendants of "willful" and "knowing" violations of law, yet pleads inconsistently and uncertainly. In order to satisfy his pleading requirements and state a cause of action against VOMT for purported violations of the TCPA, Plaintiff must establish that VOMT (1) made the call(s); (2) Plaintiff was charged for the call; and (3) the call was made using any automatic telephone dialing system or an artificial or prerecorded voice.[32] Plaintiff's allegations fail to do so, as the allegations do not specifically explain VOMT's involvement with the phone calls, and actually states that the calls *may have* been made on VOMT's behalf, without any supporting factual basis.

While some case law exists to support the contention that a party *may* be liable under the TCPA even though that party does not "make" the call, Subsection 227(b)(1)(A) only makes it

---

30.    Indeed, Plaintiff specifically pleads that the "robo-calls", from start to finish, "are not real or legitimate offers or services, and are wholly fabricated by Defendants to deceive and obtain money from consumers." DE 32 ¶21. Notwithstanding this allegation, nowhere does Plaintiff allege that he paid any money to either Defendant.

31.    *Ashcroft*, 129 S. Ct. at 1949-40; *Kendrick v. Eagle Int'l Group, LLC*, 08-80909-CIV, 2009 WL 3855227 (S.D. Fla. Nov. 17, 2009).

32.    *See Osorio v. State Farm Bank, F.S.B.*, 859 F. Supp. 2d 1326, 1329 (S.D. Fla. 2012); *Knutson v. Reply!, Inc.*, 10-CV-1267 BEN WMC, 2011 WL 291076 (S.D. Cal. Jan. 27, 2011). Plaintiffs must also establish that the calls were made without their consent, but the FCC has clarified that consent is to be raised as an affirmative defense and is not considered to be an element that must be pled . *Id.* at *1.

unlawful to "make" or "initiate" a call and says nothing about calls being made on another person or entity's "behalf."[33]   Indeed, Congress made it clear that with respect to cell phones, only the person that "initiates" the prohibited call is liable for a violation of the statute.[34] Conversely, Subsection 227(c) contains language which allows the imposition of "on behalf of" liability for solicitations to individuals on the "Do Not Call" list.  There is even a distinction with respect to the available remedies under these separate statutory subsections which reveals Congress' intent to not allow "on behalf of" liability for violations of Subsection 227(b).[35]

Even assuming "on behalf of" liability is available under Subsection 227(b), sufficient allegations of "direction" and "control" must be provided.[36]   For example, Plaintiff here must have pleaded facts that establish that VOMT had the right to control the calls, that VOMT had the right to control the content of the communications made by the caller, that VOMT directed the calls, that VOMT had any operational control over the purported automated dialing equipment, that VOMT in any way approved the calls, the content of the communications during

---

33.     47 U.S.C. § 227(b)(1)(A).  Compare this Subsection to Subsection 227(c)(5) (allowing an "on behalf of" liability claim for solicitations to those on the national Do Not Call list).  Subsection 227(c) does not appear to be at issue in this case.  Substantial difficulty is presented here, where Plaintiffs fail to allege the particular statutory section upon which their claims are based.

34.     47 U.S.C. § 227(b)(1)(A)(iii); *see also Ashland Hosp. Corp. v. International Brotherhood of Electrical Workers Local 575*, 807 F. Supp. 2d 633 (E.D. Ky. 2011) (dismissing a complaint brought against an entity that did not make the alleged violative calls).

35.     *Compare* 47 U.S.C. § 227(b)(3)(B) ("$500 in damages for each violation") with 47 U.S.C. § 227(c)(5)(B) (stating that an action may brought against the entity making a call "on behalf of" another entity for "up to $500 in damages for each such violation".); *see also* 47 U.S.C. § 64.1200 – where only Subsection (a)(2) imposes potential liability for the person or entity that may "cause [the telephone call] to be initiated".

36.     *See Thomas v. Taco Bell Corp.*, SACV 09-01097-CJC, 2012 WL 3047351 (C.D. Cal. June 25, 2012) (granting Defendant's motion for summary judgment for a claim under the TCPA as Plaintiff failed to provide any evidence to show how Defendant controlled, directed, or supervised the manner and means of the alleged TCPA violation).

those calls or the use of any automated dialing equipment, but they have not.[37] Simply stating in parentheticals that the calls *may have* been made by one party "on behalf of" another party will not suffice.[38] As such, Plaintiff's Amended Complaint fails to state a cause of action against VOMT for a violation of the TCPA and thus, must be dismissed.

## V. THE AMENDED COMPLAINT MUST BE DISMISSED AS IT FAILS TO SET FORTH FACTS WHICH WOULD SUPPORT THE MAINTENANCE OF THIS MATTER AS A CLASS ACTION EITHER FOR THE BREACH OF CONTRACT COUNT OR THE TCPA COUNT

Despite his inability to state a plausible claim for relief under any theory asserted, Plaintiff seeks to represent the following two nationwide classes:

TCPA Class

All persons in the United States who received one or more calls on their cellular telephones made by Defendants (or made by entities acting on Defendants' behalf) that purported to offer a survey, and who never provided their prior express consent to receive such calls.

Breach of Contract Class

All persons in the United States who received a telephone call made by Defendants (or made by entities acting on Defendants' behalf) that purported to offer a survey, who answered survey questions in exchange for promised consideration, and who did not subsequently receive that consideration.[39]

The Amended Complaint, however, barely contains a "bare recitation" of the elements of a class action. "Mere repetition of the language of Rule 23(a) is not sufficient" and "[t]here must be an adequate statement of the basic *fact[s]* to indicate that each requirement of the Rule is

---

37. *See, e.g.*, *id.*; *Lary v. VSB Financial Consulting, Inc.*, 910 So. 2d 1280 (Ala. Civ. App. 2005); *Charvart v. Echostar Satellite, LLC*, 676 F. Supp. 2d 668 (S.D. Ohio 2009); *Charvart v. Farmers Insurance Columbus* (2008), 178 Ohio App. 3d 118, 2008-Ohio-4353, 897 N.E.2d 167; *The Citco Group Ltd.*, 2011 WL 1233126 (explaining standard for allegations of vicarious liability or agency generally).

38. DE 32 ¶¶ 13, 14, 16.

39. DE 32 ¶ 28. It is worthwhile to note that, as plead, the classes share the exact same common questions of law and fact.

fulfilled."[40]  The burden is on the plaintiff, the party seeking to utilize the class action device, to

establish his right to do so.[41]  Class action allegations are subject to the same Rule 12(b)(6)

standards.[42]  Thus, as a preliminary matter, Plaintiff must plead ultimate facts to satisfy all four

of the prerequisites contained in Rule 23(a),[43] as well as one of the subcategories of Rule 23(b).

Since Plaintiff is attempting to serve as a class representative for both "classes", he must satisfy

Rule 23's requirements as to both "classes" as well.  The Amended Complaint, however,

contains *no facts* to support the conclusory class allegations as to either purported class.  By way

of example only, the Amended Complaint conclusorily states that "joinder of all members is

impractical," that the "Plaintiff will fairly and adequately protect the interests of the other

---

40.     *Gloria v. Allstate County Mut. Ins. Co*., No. SA-99-CA-676-PM, 2000 WL 235854563, at *9 b, 109 (W.D. Tex. Sep. 29, 2000) (citations omitted); *see also Skyers v. Lamberti*, 11-60362-CIV, 2011 WL 1674986 (S.D. Fla. Mar. 29, 2011) (dismissing the class action complaint because "[t]he plaintiff has not pleaded all of the prerequisites of *Fed. R .Civ. P.* 23(a) and (b)."); *Cook Cnty. College Teachers Union, Local 1600, American Federation of Teachers v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972) (holding that the class seeking to be certified was "obliged in its complaint to allege facts bringing the action within the appropriate requirements of the Rule."); *Doctor v. Seaboard Coast Line R.R. Co.,* 540 F.2d 599, 706-10 (4th Cir. 1976) (denying class certification because plaintiff provided no facts about the existence of alleged class).

41.     *See, e.g., Skyers*, 2011 WL 1674986, at *2.

42.     *See Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361 (S.D. Fla. 2007) (applying the 12(b)(6) standard in dismissing a class action complaint); *Shenandoah Chiropractic, P.A. v. Nat'l Specialty Ins. Co.*, 526 F. Supp. 2d 1283, 1285 (S.D. Fla. 2007) (same).

43.     Federal Rule of Civil Procedure 23(a) requires the following prerequisites to maintain a class action: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  In addition, an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and: (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Fed. R. Civ. P.  23(b).

members . . ., because his claims are typical of the other members of the class"[44] and that "questions of law and fact exist as to all class members or the Classes and such questions predominate over any questions affecting Plaintiff or individuals members of the classes."[45] Not only are these conclusions not supported by fact(s), but Plaintiff makes no effort to separate his allegations to satisfy his obligation to properly plead the elements of Rule 23 for each class; thus, dismissal is required.

> a. **A Breach of Contract Class Action With Multiple Contract Types and Nationwide Class Members Resulting in the Applicability of Multiple Contract Laws Is Not Certifiable.**

Notwithstanding the fact that the Amended Complaint fails to state a cause of action for breach of contract, the breach of contract class cannot be maintained because the alleged class members are situated throughout the country, resulting in potentially numerous applicable state contract laws:

> Rule 23(b)(3) requires a finding that questions of law or fact common to the class members predominate over any questions affecting only individual members. In performing this analysis, a court must 'take into account the claims, defenses, relevant facts, and *applicable substantive law.*' Furthermore, 'Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action.[46]

"Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of

---

44.     DE 32 ¶ 30.
45.     DE 32 ¶ 29.
46.     *Marino v. Home Depot U.S.A., Inc.*, 245 F.R.D. 729, 733-34 (S.D. Fla. 2007) (internal citations omitted and emphasis added).

the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)."[47]

The Amended Complaint alleges Defendants both "intentionally and systematically placed (or directed to be placed on their behalf) robo-calls to thousands of consumers *nationwide* . . . ."[48] It alleges that calls were directed to people located across the country, but does not state where these calls were placed or which state's contract laws apply. The Amended Complaint does not allege that all contracts were entered into within the State of Florida, and the Amended Complaint does not even provide facts for the Court to determine which state's laws may apply. Rather, the Amended Complaint is wholly silent on the issue of applicable contract law. Because the Amended Complaint fails to provide allegations sufficient to assist the Court in determining applicable law, Plaintiff has failed to demonstrate that common questions of applicable law apply to all class members, and therefore this count must be dismissed.

Just as a class is not permissible if multiple state contract laws apply, a class should not be maintained if the class members do not share a common contract. "For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach. To prove the existence of a contract, a plaintiff must *plead*: (1) offer; (2) acceptance; (3) consideration; and (4) *sufficient specification of the essential terms*."[49] In *Vega*, the court found that a class action complaint failed to sufficiently allege the "commonality" requirement for class certification in a breach of contract context because the plaintiff "has not alleged in his complaint the existence of

---

47.  *Id.* at 734; *see also id.* ("A district court's duty to determine whether the plaintiff has borne its burden on class certification requires that a court consider variations in state law when a class action involves multiple jurisdictions.").

48.  DE 32 ¶ 1.

49.  *Vega*, 564 F.3d at 1272 (emphasis added) (internal citations omitted).

a common contract . . . ."[50]  The "predominance" requirement here will fail for the same reason, as the class members have differing contracts.[51]

Likewise, the allegations of Plaintiff's Amended Complaint demonstrate that every contract was likely different: "The call recipient is told that he or she is only required to answer the upcoming survey questions and thereafter will receive the promised consideration."[52]  The "promised consideration" seems to vary based on the caller or recipient of the call.  The breach of contract count states that "Plaintiff and Breach of Contract Class Members entered into an enforceable contract with Defendants wherein Defendants promised to provide *valuable consideration* (in Plaintiff's case a free cruise) in exchange for answering a series of survey questions." According to Plaintiff's own allegations, every class member did not in fact enter into *the same* contract with Defendants; rather, the Amended Complaint blatantly implies throughout that other types of consideration were available or offered: "Defendants promised consideration, *such as* a free cruise"[53] or that Defendants "breached their contract to provide consideration *such as* a free cruise."[54]  A breach of contract claim in Florida cannot stand without stating the essential terms, and this Amended Complaint cannot stand by simply stating that consideration generally was offered; the allegations must specifically explain the consideration.  More importantly, because it appears that all putative class members may have been offered a different form of "consideration", this Court will be required to engage in a series of mini-trials to determine the exact terms of any "contract", what each called party may have been offered, whether each called party attempted to, or accepted, the "consideration" and

---

50.     *Id.* at 1272 ("As such, he could not utilize identical evidence on behalf of every member of the class to prove offer, acceptance, consideration, or the essential terms.").

51.     *See id.* at 1273.

52.     DE 32 ¶ 20.

53.     DE 32 ¶ 1.

54.     DE 32 ¶ 2.

whether each called party received the "consideration". Moreover, it is impossible to believe on the face of the Amended Complaint's allegations, that Plaintiff can fairly and adequately represent the interests of both classes since, at some point, this Plaintiff would be required to choose only one (1) class since he could not recover for both an illegal call and a purported breach of a contract which was allegedly formed solely from that illegal call.[55] Similarly, Plaintiff's alleged contract for a "free cruise" does not stand as to all other class members by the allegations of the Amended Complaint.[56]

**b.**    **The TCPA Class Cannot Obtain Certification.**

The proposed TCPA class is far too broad and would require an inordinate number of individualized determinations to ascertain class membership. Justifiably, class relief is generally rejected in claims such as these, as the inquiries are highly individualized and specific facts for each putative class member necessarily differs, especially as to matters of proof and reliance. In addition, while Plaintiff has attempted to "lump" all Defendants together, it will be incumbent upon Plaintiff to demonstrate that Defendants acted knowingly and willfully. Adjudicating these claims would necessarily require a mini-hearing for each possible class member and proof by each class member as to the separate conduct of each Defendant. Determining class membership, therefore, would devolve into a series of fact-finding hearings that would effectively render the case unmanageable.

---

55.    This further reveals the fatal flaw in Plaintiff's breach of contract count. In order to obtain the benefits of the contract, Plaintiff would be required to accept the benefits of an allegedly illegal call. Is he going to waive his rights under the TCPA in order to try to reap the benefits of a "free cruise"? Can he do so to the detriment of any putative TCPA class member who may not have been offered any "consideration"? The list of hypotheticals is endless and Plaintiff's efforts, while creative, must fail.

56.    *See Vega*, 564 F.3d at 1272 (explaining the class representative "could not utilize identical evidence on behalf of every member of the class to prove offer, acceptance, consideration, or the essential terms. Instead, these mandatory elements of each class member's claim depend on such individualized facts and circumstances . . . .").

Indeed, the Supreme Court recently rejected a class action based on a purported violation of a statute in *Wal-Mart Stores, Inc. v. Dukes.*[57] In *Dukes,* the Supreme Court ruled that the plaintiff must show that class members "have suffered the same injury," not "merely that they have all suffered a violation of the same provision of law."[58] The required inquiries here would rely upon highly individualized and specific facts that would differ for each person. Thus, a mini-hearing for each putative class member would be needed. This effectively renders the case unmanageable.

Plaintiff further fails to identify common questions of law or fact of the purported class sufficient to meet the commonality element. Indeed, Plaintiff offers several questions that pertain only to the activity of Defendants (improperly lumping them all together) in relation to the TCPA, but which have nothing to do with the class members' alleged injuries or the specific conduct of each Defendant. The questions would only answer whether the putative class members suffered a violation of the same statute, not that the class members suffered the same injury. Not one of these questions relates in any way to demonstrating that each potential class member has suffered any injury, let alone that each has suffered the *same* injury. The Supreme Court noted in *Dukes* that what matters to class certification is not simply the raising of common questions, "but rather, the capacity to generate *common answers* apt to drive the resolution of the litigation."[59]

The answers to Plaintiff's questions have only to do with the alleged violation of a particular statute, they have nothing to do with the individual class members' commonality. Even still, the TCPA requires an individualized showing with respect to each purported class

---

57.    131 S. Ct. 2541 (2011).
58.    *Id.* at 2551.
59.    *Id.*

member as to whether consent was provided. According to *Dukes,* this is impermissible. Moreover, class certification in TCPA cases is difficult to obtain, particularly where "consent" will be an issue, which will certainly be the case here.[60] In *Gene and Gene*, the Fifth Circuit Court of Appeals held that the "plaintiff must advance a viable theory employing generalized proof to establish liability with respect to the class involved, and it means too that district courts must only certify class actions filed under the TCPA when such a theory has been advanced." Here, however, Plaintiff has not advanced any theory employing generalized proof to establish liability, let alone a *viable* theory. Plaintiff apparently invokes Rule 23(b)(3) as the proposed structure of the class he seeks to certify but provides no facts to support that construction. As explained above, common issues of fact or law do not predominate here, and no class action can plausibly be stated.

## CONCLUSION

Because the First Amended Complaint alleges a breach of contract arising out of illegal conduct, impermissibly lumps all Defendants together, fails to contain any *specific factual* allegations as to VOMT's involvement with the purported acts, and fails to demonstrate factually how a class action is appropriate for either cause of action, the Amended Complaint must be dismissed

---

60.    *See, e.g., Forman v. Data Transfer*, 164 F.R.D. 400 (E.D. Pa. 1995); *Gene and Gene, LLC v. Biopay LLC*, 541 F.3d 318 (5th Cir. 2008).

Dated: December 4, 2012.

Respectfully submitted,

*s/Richard Epstein*
RICHARD W. EPSTEIN, ESQ.
Florida Bar No. 229091
richard.epstein@gmlaw.com
JEFFREY A. BACKMAN, ESQ.
Florida Bar No. 662501
jeffrey.backman@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1500
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954.343.6958 (Facsimile)
*Attorneys for Defendant Vacation Ownership*
*Marketing Tours, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Amended Complaint was electronically filed with the Clerk of the court using the CMJECF system on the 4th day of December, 2012. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF.

Scott D. Owens, Esq.
Scott@ScottDOwens.com
Law Office of Scott D. Owens, Esq.
664 E. Hallandale Beach Boulevard
Hallandale, Florida 33009
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
*Attorneys and Trial Counsel for Plaintiff David Wright*

Rafey S. Balabanian, Esq.
rbalabanian@edelson.com
Benjamin H. Richman, Esq.
brichman@edelson.com
Christopher L. Dore, Esq.
cdore@edelson.com

Edelson McGuire LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
*Attorneys and Trial Counsel for Plaintiff David Wright*

R. Eric Bilik (Fla. Bar No. 0987840)
ebilik@mcguirewoods.com
Emily Y. Rottmann (Fla. Bar No. 93154)
erottmann@mcguirewoods.com
McGUIREWOODS LLP
50 North Laura Street, Suite 3300
Jacksonville, FL 32202
Telephone: (904) 798-3200
Facsimile: (904) 798-3207

and

*Of Counsel*

David L. Hartsell
dhartsell@mcguirewoods.com
Brian P. O'Meara
bemeara@mcguirewoods.com
McGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8100
Facsimile: (312) 849-3690
*Attorneys and Trial Counsel for Defendant The Berkley Group, Inc.*

                                        *s/Richard Epstein*
                                        RICHARD W. EPSTEIN

11171040 .20581.0095v10